IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                         CASE NO. 1:94-cr-01009-MP-AK

CLAUDE LOUIS DUBOC,

    Defendant.
_____/

**O R D E R**

This matter is before the Court on Doc. 1042, Report and Recommendation of the Magistrate Judge, which recommends that Defendant's Motion to Vacate, Doc. 980, be denied. The Magistrate Judge filed the Report and Recommendation on Thursday, January 31, 2008. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

In his motion to vacate, Defendant Duboc alleges that trial counsel was ineffective, and that his due process and Sixth Amendment rights were violated by the Court's participation in the plea negotiation process. As the Magistrate notes in the extensive review of this case, the only claim that has not been previously litigated in this Court is the claim that the Court lacked jurisdiction over this case because the indictment failed to alleged that any overt acts occurred in the Northern District of Florida. Finding that jurisdiction clearly exists in the Northern District, and relying on the previous rulings, the Magistrate recommends that Defendant's motion to dismiss be denied.

Defendant raises five objections to the Magistrate's Report. The majority of these objections take issue with the Magistrate's reliance on the law of the case doctrine, and

Defendant argues that he is entitled to an evidentiary hearing on several issues. Defendant contends that while the Court previously analyzed the issue of ineffective assistance of counsel under the Cuyler test, the prejudice prong under Strickland was never addressed. Defendant acknowledges that the Court found no actual conflict of interest existed, and that Defendant understood the plea agreement and entered a change of plea knowingly and voluntarily. Nevertheless, Defendant claims that but for counsel's incorrect advice, he would have not entered a change of plea. Likewise, Defendant argues that although the Court previously found that venue was proper, counsel was somehow ineffective for failing to tell Defendant that he had a viable defense to venue. As the Magistrate states, despite Defendant's attempts at rewording, these claims have all already been litigated and resolved. Since these decisions were made using the Cuyler test, the Court cannot see how applying the more stringent Strickland test would change the result.

Finally, the Court agrees with the Magistrate that because overt acts occurred within the Northern District, the Court has jurisdiction over this case. Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Defendant's Motion to Vacate, Doc. 980, is DENIED.

**DONE AND ORDERED** this  *22nd* day of February, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:94-cr-01009-MP-AK*